**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTONIO DESHAWN CRAWFORD,<br><br>Plaintiff<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:26-cv-01774 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Amended Complaint, ECF No. 2, and her Application for Leave to Proceed *in forma pauperis*, ECF No. 3. The Court grants her *in forma pauperis* Application, and for the reasons explained below, it dismisses this case under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), mandating dismissal for failure to state a claim upon which relief can be granted.

Plaintiff is a state prisoner currently designated to Livingston City Jail in Pontiac, Illinois, and she sues the Department of State, the Secretary of State, the Department of Homeland Security, the Secretary of Homeland Security, and the former Chargé d'Affaires for the U.S. Mission to Madagascar. Plaintiff contends that, in January 2025, she lost her American citizenship and nationality when she expatriated to Madagascar and, while there, swore allegiance to Madagascar and China. She now seeks to renounce her status as a U.S. citizen and national.

*First*, although Plaintiff contends that she submitted some sort of renunciation paperwork to the government, it is nonetheless unclear if she submitted the required associated fees and mandatory information, or if she followed the specific necessary procedures to obtain the certificate that she seeks. *See* 8 U.S.C. §§ 1481(a)(5)–(6), 1501; INA § 349(a)(5); *see also Sluss v. U.S. Citizen. & Immig. Srvs.*, 899 F. Supp. 2d 37, 40–1 (D.D.C. 2012) ("The State Department

has issued regulations to implement 8 U.S.C. §§ 1481 and 1501 that (1) prescribe the 'form' of formal renunciations of nationality before consular officers and (2) prescribe regulations under which consular officers certify the facts that form the basis for the belief that a person abroad has lost his U.S. nationality.") (citation omitted).

*Second*, courts have uniformly held that an incarcerated U.S. citizen has no constitutional right to renounce her U.S. citizenship during the course of her incarceration. *See, e.g., Sluss*, 899 F. Supp. 2d at 41–2 ("As long as plaintiff is incarcerated in the United States, he cannot lose his nationality and, thus, does not qualify for a [Certificate of Loss of Nationality]."); *Kwok Sze v. Johnson*, 172 F. Supp. 3d 112, 121–2 (D.D.C. 2016), *aff'd*, No. 16–5090, 2017 WL 2332592 (D.C. Cir. Feb. 21, 2017) (same); *Koos v. Holm*, 204 F. Supp. 2d 1099, 1108 (W.D. Tenn. 2002) (same); *Scott v. United States*, No. 13–2030, 2014 WL 2807652, at *3 (E.D. Cal. June 20, 2014) (same).

As noted, Plaintiff is currently incarcerated and therefore may not exercise her right to abandon her citizenship. Incarceration imposes necessary withdrawal or limitation of many privileges and rights, including that of citizenship renunciation. *See Kwok Sze*, 172 F. Supp. 3d at 121–22 (citations omitted); *see also id.* at 118–19 (finding that, in "considering requests for mandamus action by incarcerated renunciants pursuant to Subsection (a)(6), courts in this jurisdiction have repeatedly held that the issuance of a Certificate of Loss of Nationality is a discretionary act beyond the jurisdiction of the Mandamus Act."). Indeed, courts have consistently held that a prisoner cannot compel a renunciation action because, *inter alia*, an applicant must appear for in-person interview, and the requirement for an in-person renunciation interview is neither arbitrary nor capricious. *See id.* at 120 (citing cases). In other words, "[c]itizenship is such a prized asset that USCIS is reasonable to insist on an interview in order to ascertain the bona fides, mental competence, and true voluntariness of those who are seeking to renounce." *Turner*

*v. Beers*, 5 F. Supp. 3d 115, 120 (D.D.C. 2013); *see Kwok Sze*, 172 F. Supp. 3d at 120 (citing *Kaufman v. Mukasey*, 524 F.3d 1334, 1338 (D.C. Cir. 2008)) (same).

As such, this matter is dismissed without prejudice for failure to state a claim upon which relief may be granted. An Order consistent with this Memorandum Opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Dated: November 2, 2026